```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION
```

| | |
|---|---|
| **HOWARD RAY, JR.,** <br><br> Plaintiff, <br><br> v. <br><br> **CITIMORTGAGE, INC.,** <br><br> Defendant. | **Case No. 19 C 5484** <br><br> **Judge Harry D. Leinenweber** |

## MEMORANDUM OPINION AND ORDER

Defendant CitiMortgage, Inc., moves to dismiss Plaintiff Howard Ray, Jr.'s, Complaint (Dkt. No. 1). For the reasons stated herein, Defendant's Motion to Dismiss (Dkt. No. 13) is granted.

### I. BACKGROUND

Plaintiff Ray and Defendant CitiMortgage ("Citi") entered into a written agreement (the "Contract") in May 2008 in which Citi agreed to advance funds to Ray on credit for the purchase of a building. (Compl. ¶ 7, Dkt. No. 1.) Ray alleges that in October of 2012 he contacted Citi to request a payment deferment and that Citi's agents encouraged him to miss payments so that he could qualify for a loan modification program. (*Id.* at ¶ 8.) Plaintiff complied because, he alleges, he "did not have any choice." (*Id.*) Ray alleges that Citi employees discouraged him from applying for loss mitigation or deferment programs. Citi reported these missed

payments to credit agencies, damaging Plaintiff's credit and, he alleges, resulting in missed business opportunities, lost income, and "other consequential damages in excess of $800,000." (*Id.* at ¶ 11.) Plaintiff claims that Citi breached the Contract by misleading him about the impact of missing payments and "failing to consider Plaintiff's request for a deferment as a request for foreclosure relief." (*Id.* at ¶ 12.) Plaintiff also alleges that Citi sent inaccurate consumer information to credit reporting companies and failed to investigate Plaintiff's credit report disputes. (*Id.*)

Plaintiff brings claims against Citi for breach of contract and for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* In response, Citi moves to dismiss both of Plaintiff's claims under Federal Rule of Procedure 12(b)(6).

## II. LEGAL STANDARD

A 12(b)(6) motion to dismiss challenges the sufficiency of the complaint. *Christensen v. Cty. of Boone*, 483 F.3d 454, 457 (7th Cir. 2007). To overcome a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the pleaded factual content allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). When considering a 12(b)(6) motion to dismiss, the Court must "accept[] as true all well-pleaded facts alleged, and draw[] all possible inferences in [the plaintiff's] favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

### III. <u>DISCUSSION</u>

#### A. Breach of Contract

To plead a claim for breach of contract under Illinois law, a plaintiff must establish: "(1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4) performance by the plaintiff of all required conditions, (5) breach, and (6) damages." *Association Ben. Services, Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 849 (7th Cir. 2007). In addition, if a claim is based on a written contract, that contract must be attached to the pleading, "unless the pleader attaches to his or her pleading an affidavit stating facts showing that the instrument is not accessible to him or her." 735 ILCS 5/2-606. The statute of limitations on a written contract is ten years. 735 ILCS 5/13-206. The statute of limitations on an unwritten contract is five years. 735 ILCS5/13-205. Illinois courts "follow a strict interpretation of the meaning of a written agreement for purposes of the statute of limitations," with a contract only deemed "written if parties

are identified and all the essential terms are in writing and ascertainable from the instrument itself." *Portfolio Acquisitions, LLC v. Feltman*, 909 N.E. 2d 876, 880 (Ill. App. Ct. 2009). Thus, if these requirements are not met, the contract is assumed to be unwritten.

Ray did not attach the Contract to his Complaint and does not explain whether the alleged terms that Citi breached were terms of the Contract or part of some other, unwritten contract that allegedly exists between Ray and Citi. Because Ray did not attach the contract or otherwise meet the pleading standards required by Illinois law to establish the existence of a written agreement, the Court must assume that the contract was unwritten. *Ramirez v. Palisades Collection, LLC,* 250 F.R.D. 366, 368 (N.D. Ill. 2008). Ray alleges in his Complaint that the breach occurred in October 2012 and filed this lawsuit in August 2019. For an unwritten contract, the deadline to file a breach of contract claim was in 2017. Therefore, the Complaint on its face states a claim that is time-barred. Accordingly, the breach of contract claim must be dismissed without prejudice.

### B. Fair Credit Reporting Act

Ray also brings a claim under the FCRA, alleging that Citi willfully provided inaccurate information about his loan to consumer reporting agencies. The FCRA requires that any suit be

brought the earlier of two years after the date the plaintiff discovered the alleged violation or five years after the date of the violation that is the basis of the claim. 15 U.S.C. § 1681p. Ray claims he did not discover the violation until January 2019. However, he also alleges that he began missing payments on or around October 2012 and that Citi began reporting those missed payments around that date. This means that under the statute, the latest he could bring his FCRA claim was October 2017. Accordingly, the FCRA claim must be dismissed without prejudice.

## IV. CONCLUSION

For the reasons stated herein, the Defendant's Motion to Dismiss (Dkt. No. 13) is granted. Plaintiff Ray, Jr.'s, Complaint (Dkt. No. 1) is dismissed without prejudice. If Plaintiff wishes to amend his Complaint to explain how his claims conform with the applicable statutes of limitations, he must re-file within thirty (30) days.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: 12/13/2019